By the Court.—Sedgwick, Ch. J.
The principal question of the appeal relates to a defence by way of counterclaim, and whether, on the whole evidence, it was incontrovertibly sustained.
The defence was, what in its nature is set-off, and this under the Code is pleaded as a counter-claim. The set-off as claimed, by the answer, was that one Henry S. Cohn had delivered to defendant, for valuable consideration, his promissory note for $1,000, but had neglected to pay it. This defence was to be sustained if it was proved, and unless the defence of the reply was sustained on the part of the plaintiff. The reply was. that the note in the answer did not have a legal inception, and that the note was *243 one of a series of notes given to the defendant without consideration and purely for the purpose of accommodating defendant.
The defendant produced the note specified in his answer, and proved it was made by Henry S. Cohu.
The law attached to this a presumption that it had been given for valuable consideration, and the defendant unnecessarily made specific the consideration on which he relied to sustain the note, by proving that the defendant had made his note to Henry S. Cohu of the same date and amount as the note of the answer.
On the pleadings, the only defence open to the plaintiff was want of consideration. There was no defence of payment or of anything equivalent. He produced, and offered to give as testimony, earlier ■ notes made by Henry S. Cohu to the order of the defendant; which, after being delivered to the defendant had matured and been paid by Henry S. Cohu. These were properly rejected, because, ' without other evidence the presumption would be, that they represented debts due by Cohu, the maker, to Husson, the defendant. There was offered by the plaintiff no other evidence on this subject, excepting it was proved by one of their witnesses that Cohu and Husson, the defendant, were in the habit of exchanging notes. These notes, and among them those that the court did not permit to go in evidence, if they were a part, were not accommodation notes, and they had an inception for valuable consideration, that is, the notes given in exchange were reciprocal considerations, as a promise for a promise is a mutual consideration. At the most the various notes, on the one part, would furnish grounds of actions against those who made them, but would not tend to show that a subsequently exchanged note was without consideration.
There was no evidence offered on the trial which, *244 if believed by the jury, would justifying it in be- . lieving that there was no consideration for the note set up in the answer.
The judgment must be affirmed, with costs.
Freedman J,, concurred.